STATE OF WEST VIRGINIA

FILED

**February 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**AMANDA D. CHAMBERS,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0885** (BOR Appeal No. 2045311)
              (Claim No. 2009075580)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GENESIS HEALTHCARE CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Amanda D. Chambers, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Genesis Healthcare Corporation, by Gary Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 5, 2011, in which the Board affirmed a November 18, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 19, 2009, November 19, 2009, and February 9, 2010, Orders denying a request for an additional compensable component, denying a request for a surgical procedure, and affirming the closure of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Chambers was working for Genesis Healthcare Corporation as a certified nursing assistant when she hurt her lower back on January 22, 2009. On October 19, 2009, the claims administrator denied a request for authorization of an anterior lumbar spinal fusion and posterior lumbar spinal fusion at L5-S1. On November 19, 2009, the claims administrator denied a request to add displaced intervertebral disc with myelopathy as a compensable component in the claim. The claims administrator closed the claim for temporary total disability benefits on February 9, 2010.

The Office of Judges affirmed the claims administrator's Orders, and held that the preponderance of the evidence did not establish that the requested surgery was related to the claim, nor did the evidence establish that the requested additional compensable component was related to the compensable injury. The Office of Judges also held that the claim was properly closed for temporary total disability benefits. Ms. Chambers disagrees with these findings and asserts that the evidence supports authorizing the surgery and additional compensable component. She also argues that she is entitled to additional temporary total disability benefits. Genesis Healthcare maintains that it was correct to affirm the claims administrator's Orders.

The Office of Judges concluded that the medical evidence did not establish that displaced intervertebral disc with myelopathy was a result of Ms. Chambers's employment. It noted the evidence did not explain how the condition was related to the compensable injury in the claim. Further, the Office of Judges held that the spinal fusion was not medically related to the compensable injury. It noted that the evidence did not indicate the relationship between the procedure and the compensable injury, and that the treating physician along with an independent evaluator found that Ms. Chambers should not have the procedure. Finally, the Office of Judges concluded that the closure of the claim for temporary total disability benefits was proper. Ms. Chambers was found to be at maximum medical improvement for the compensable injury, thus the claim was closed for temporary total disability benefits under West Virginia Code § 23-4-7a(e) (2003). The Office of Judges also noted that the record was not clear when Ms. Chambers actually received temporary total disability benefits. The Board of Review reached the same reasoned conclusions in its May 5, 2011, Order. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 20, 2013**

2

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum